IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

KEVIN DARNELL BRUMFIELD,

    Plaintiff,

v.

ROBERT TOOLE; TRAVONZA BOBBIT;
MILTON SMITH; BRIAN CHAMBERS; and
MARVIN MCCRAY,

    Defendants.

CIVIL ACTION NO.: 6:16-cv-1

## **ORDER**

Presently before the Court are the Magistrate Judge's April 12, 2016, Report and Recommendation, dkt. no. 9, and Plaintiff's Objections to the same, dkt. no. 11. After an independent and *de novo* review of the entire record, and for the reasons stated below, the Court **SUSTAINS IN PART AND OVERRULES IN PART** Plaintiff's Objections.

In his Objections, Plaintiff states new factual allegations against Defendant Toole which make Plaintiff's First Amendment claim against Toole plausible. Accordingly, the Court **SUSTAINS** Plaintiff's Objections as to Defendant Toole only. Plaintiff's First Amendment claims shall proceed against Defendants Bobbitt, Smith, and Toole.

In all other respects, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation, as the opinion of the Court. For the reasons set forth by the Magistrate Judge, the Court **DISMISSES** Plaintiff's claims for monetary damages against Defendants in their official capacities as well as Plaintiff's Eighth Amendment claims. The Court also concurs with the Magistrate Judge's Recommendation regarding Defendants

Chambers and McCrary and **DISMISSES** all claims against those Defendants.[1] Furthermore, the Court **DENIES** Plaintiff's preliminary request for injunctive relief at this stage.

## BACKGROUND

Plaintiff Kevin Darnell Brumfield, an inmate at Georgia State Prison, in Reidsville, Georgia, brought this action pursuant to 42 U.S.C. § 1983 alleging violations of his rights under the First and Eighth Amendments to the United States Constitution. Dkt. No. 1. In the Report and Recommendation, the Magistrate Judge conducted the requisite frivolity review under 28 U.S.C. § 1915A. The Magistrate Judge concluded that Plaintiff failed to state any claims under the Eighth Amendment and recommended that the Court dismiss those claims, in addition to Plaintiff's supervisory liability claims against Defendants Toole and Chambers, as well as Plaintiff's claims for monetary damages against Defendants in their official capacities. Dkt. No. 9, p. 15. The Magistrate Judge also recommended that the Court deny Plaintiff's request for preliminary injunctive relief. Id. However, the Magistrate Judge determined Plaintiff plausibly stated a claim for relief under the First Amendment against Defendants Bobbit and Smith and recommended that those claims proceed. (Id. at p. 1.)

## DISCUSSION

Plaintiff filed Objections to the Magistrate Judge's Report and Recommendation. Dkt. No. 11. In his Objections, Plaintiff contends that the Magistrate Judge erred in

---

[1] Plaintiff states that he incorrectly named Defendant McCray as "McCray Maryin" in his Complaint. Dkt. No. 6. While Plaintiff identifies this individual as both "Marvin McCray" and "McCray Marvin" in his Objection, dkt. no. 11, the Court will refer to this defendant as "Defendant McCray" throughout this Order. Plaintiff objected that the "Magistrate Judge fail[ed] to state why [he] dismisse[d] [Defendant McCray] from the suit" and that, "Plaintiff clearly show[ed] in his [C]omplaint that [Defendant McCray] was the dorm/floor officer and was directly involved." Upon review of Plaintiff's Complaint, the Court finds that Plaintiff merely named Defendant McCray as a Defendant in the caption of his Complaint, dkt. no. 1, p. 1, and listed him as an additional defendant in the body of the Complaint, id. at p. 4. As Plaintiff wholly failed to allege any facts against Defendant McCray in his Complaint, this objection is without merit.

2

recommending (1) dismissal of Defendant Toole; (2) dismissal of Defendant Chambers; (3) dismissal of his claims for monetary damages against Defendants in their official capacities; (4) denial of his request for preliminary injunctive relief; and (5) dismissal of Defendant McCray.[2] Objections (2)–(5) wholly lack merit and are sufficiently disposed of by the Magistrate Judge's analysis and recommendations. Accordingly, the Court need not repeat the Magistrate Judge's reasoning and conclusions on those issues.

However, Plaintiff's Objection regarding Defendant Toole warrants further discussion. In his Objection, Plaintiff makes new allegations that Defendant Toole was personally involved in the retaliatory acts perpetrated against him by Defendants Bobbit and Smith. Dkt. No. 11, p. 1. Specifically, Plaintiff states that Defendant Toole approved his placement in the Tier II Unit, knowing that Plaintiff did not meet the criteria to qualify for Tier II confinement. Id. In addition, he alleges that Defendant Toole reviewed grievances filed by Plaintiff concerning the retaliatory conduct and that Plaintiff also sent several letters directly to Defendant Toole requesting help. Id.

As the Magistrate Judge pointed out, Section 1983 liability must be based on something more than a defendant's supervisory position or a theory of respondeat superior. Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the

---

[2] Plaintiff also objects that he "should have been given one (1) chance to amend [his] Compl[ai]nt" and that "[i]t's alot [sic] of things I left out." Dkt. No. 11, p. 3. However, Plaintiff has neither filed a motion to amend his Complaint nor has he otherwise specified in what manner he desires to amend his Complaint. Moreover, as demonstrated below, the Court has considered new factual allegations that Plaintiff asserts in his Objections regarding Defendant Toole.

violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011).

In light of Plaintiff's new allegations in his Objections, he no longer seeks to hold Defendant Toole liable based solely on his supervisory position. Plaintiff avers that Defendant Toole was personally involved in his placement in the Tier II Unit and that he knowingly failed to prevent Plaintiff's retaliatory assignment to the Tier II Unit at Georgia State Prison. Plaintiff states that he had notified Toole of Defendants Bobbit and Smith's retaliatory acts before Defendant Toole approved his assignment to the Tier II Unit. Dkt. No. 11, p. 1. Accepting these facts as true, Plaintiff states a plausible claim that Defendant Toole personally participated in and knowingly failed to prevent the alleged violation of Plaintiff's First Amendment rights. To that end, the Court **DIRECTS** the United States Marshal to serve Defendant Toole with Plaintiff's Complaint, the Magistrate Judge's Report and Recommendation, Plaintiff's Objections, and this Order. Defendant Toole is urged to read and follow the Magistrate Judge's instructions for the future litigation of this action.

## CONCLUSION

The Court **SUSTAINS** Plaintiff's Objections as to Defendant Toole but otherwise **OVERRULES** Plaintiff's Objections. The Magistrate Judge's Report and Recommendation, as amended herein, is adopted as the opinion of the Court. Accordingly, the Court **DISMISSES** Plaintiff's Eighth Amendment claims, all claims against Defendants Chambers and McCrary, as well as all claims for monetary damages against Defendants in their official capacities. The

4

Court also **DENIES** Plaintiff's request for preliminary injunctive relief. However, Plaintiff's First Amendment claims against Defendants Bobbit, Smith, and Toole remain pending.

**SO ORDERED**, this 3rd day of June, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA