# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| KEVIN DARNELL BRUMFIELD, | |
| Plaintiff, | CIVIL ACTION NO.: 6:16-cv-1 |
| v. | |
| ROBERT TOOLE, et al., | |
| Defendants. | |

## O R D E R

This matter is before the Court on Defendants' Motion for a More Definite Statement and their Motion to Dismiss. For the reasons set forth below, the Court **DENIES** Defendants' Motion for a More Definite Statement, (doc. 27), and **DISMISSES as moot** Defendants' Motion to Dismiss, (doc. 17).

## BACKGROUND

Plaintiff filed this action on January 6, 2016, pursuant to 42 U.S.C. § 1983 contesting conditions of his confinement at Georgia State Prison in Reidsville, Georgia. (Doc. 1.) In the Report and Recommendation dated April 12, 2016, I recommended that the Court dismiss all of Plaintiff's claims, except his First Amendment claims against Defendants Bobbit and Smith. (Id.) Plaintiff filed Objections to the Report and Recommendation on April 25, 2016, (doc. 11), which the Court sustained in part and overruled in part, (doc. 19).[1] Specifically, the Court determined that Plaintiff had also stated a viable First Amendment claim against Defendant

---

[1] Prior to the Court's partial adoption of the Report and Recommendation, Defendants Bobbit and Smith filed a Motion to Dismiss. (Doc. 17.)

Toole and concluded that claim should proceed, in addition to his First Amendment claims against Defendants Bobbit and Smith. (Doc 19, p. 1.)

Plaintiff then filed a Motion to Amend his Complaint, which the Court granted in part. (Doc. 21.) Specifically, the Court allowed Plaintiff to add a substantive due process claim to his original Complaint. (Id. at p. 1.) Plaintiff then filed an Objection to the Court's Order partially granting his Motion to Amend, which the Court overruled. Following the Court's rulings on these matters, Defendants filed a Motion for More Definite Statement. (Doc. 27.) In their Motion, Defendants seek clarification as to which claims remain in this case, contending that "the identity of the pleading to which Defendants must file a responsive pleading is so vague and ambiguous that Defendants cannot reasonably prepare a response." (Id. at p. 1.)

## DISCUSSION

### I. Defendants' Motion for More Definite Statement

Defendants maintain that, following the Court's partial adoption of the Report and Recommendation, (doc. 19), and partial grant of Plaintiff's Motion to Amend, (doc. 21), they are "uncertain as to which pleading they are required to respond." (Doc. 27, p. 3.) Defendants inquire whether "the operative pleading in this case consists of (i) [Plaintiff]'s Proposed Amended Complaint only; (ii) the original complaint as supplemented by the Proposed Amended Complaint and/or the factual assertions concerning defendant Toole contained in Brumfield's objection; or (iii) the original complaint only, unless and until [Plaintiff] files an amended pleading." (Id.) Defendants request that the Court order Plaintiff to file one document framing the remaining claims in this case. (Id.) Plaintiff filed a Response to Defendants' Motion for a More Definite Statement contending that he "do[es] not understand what a more definite

2

statement is," has "absolutely no idea what a memorandum of law is . . . or how to write one," and is unable to conduct the legal research at this time to do so. (Doc. 28.)

Rule 12(e) of the Federal Rules of Civil Procedure permits a court to order a party to recast a pleading that is so vague or ambiguous that the opposing party cannot reasonably prepare a response. The basis for granting a Rule 12(e) motion is unintelligibility. 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §§ 1376, 1377 (3d ed. 2004). Courts generally disfavor motions for a more definite statement. Id. at 1377. In addition, while *pro se* litigants are bound by the same rules of procedure and practice applicable to all litigants, the courts afford great lenience to complaints drafted by individuals who are unable to obtain the services of legal counsel. See, e.g., Haines v. Kerner, 404 U.S. 519, 520 (1972).

Here, Defendants' source of confusion does not appear to be with the substance of Plaintiff's pleadings or the manner in which he has drafted them. Instead, Defendants are uncertain as to which specific pleadings contain the claims that remain in this case. In the interest of expeditiously adjudicating Plaintiff's claims and because Plaintiff's pleadings are not "unintelligible," the Court **DENIES** Defendants' Motion for More Definite Statement.[2]

However, to provide clarity to the pleadings to date, the Court advises the parties as follows. Two groups of claims remain viable in this case: (1) Plaintiff's First Amendment retaliation claims against Defendants Bobbit, Smith, and Toole[3]; and (2) Plaintiff's substantive

---

[2] Additionally, directing Plaintiff to recast his claims at this point could be seen as giving him leave to once again add to the claims that he is asserting. Given Plaintiff's *pro se* status and the efforts that the Court has already made to sift through Plaintiff's meritorious and non-meritorious claims, the Court find that such leave would only further delay and confuse the litigation of this case.

[3] As discussed above, in its Order dated June 3, 2016, the Court affirmed the finding that Plaintiff's First Amendment retaliation claims against Defendants Bobbit and Smith should proceed. (Doc. 19, p. 3 ("Plaintiff's First Amendment claims against Defendants Bobbit, Smith, and Toole remain pending").). In that Order, the Court further explained that, "in light of Plaintiff's new allegations in his Objections, he no longer seeks to hold Defendant Toole liable based solely on his supervisory position." (Id. at p. 4.)

3

due process claims against Defendants Bobbit, Smith, Toole, and Chambers.[4] Furthermore, Defendants are advised that the operative pleadings in this case are Plaintiff's original Complaint, as supplemented by (1) Plaintiff's Amended Complaint, (doc. 16-1), and (2) Plaintiff's allegation against Defendant Toole, as stated in Plaintiff's Objections to the Report and Recommendation, (doc. 11, p. 1).[5]

**II.   Motion to Dismiss**

As evidenced by their Motion for a More Definite Statement, (doc. 27), Defendants were uncertain as to which claims remain in the case and seek guidance regarding the claims to which they must respond. Moreover, the amendments to Plaintiff's Complaint, filed after Defendants' Motion to Dismiss, could directly impact the questions underlying the Motion to Dismiss, (doc. 17), particularly because "an amended complaint supersedes the initial complaint and becomes the operative pleading in the case." Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007). Consequently, Plaintiff's filing of an amended complaint moots Defendants' Motion to Dismiss. Perkins v. Kushla Water Dist., No. CIV.A. 13-00286-KD-B, 2013 WL 4511329, at *1 (S.D. Ala. Aug. 23, 2013) ("Because Plaintiff's amended complaint is now the operative pleading in this action; Defendants' motion [to dismiss] is moot.") (citing Pintando v. Miami–

---

The Court proceeded to explain that, instead, Plaintiff's Objections "state[] a plausible claim that Defendant Toole personally participated in . . . the alleged violation of Plaintiff's First Amendment rights." (Id. at p. 4.) The Court did not, as Defendants contend in their Motion for More Definite Statement, permit Plaintiff's *supervisory liability* claims against Defendant Toole to proceed. (Doc. 27, p. 2.)

[4] Plaintiff states in his Motion to Amend that "the [D]eputy [W]arden of [S]ecurity (Mr. Bobbit) and Unit Mananger Smith . . . took all my property and had me placed in the [T]ier II program." (Doc. 16-1, p. 6.) He also states that "both Mr. Chambers and Warden Toole had to sign off on my placement into the program." (Id.) Accordingly, Plaintiff's Motion to Amend alleges that Defendants Bobbit, Smith, Chambers, and Toole were personally involved in or otherwise causally connected to his confinement in the Tier II Unit and, therefore, alleges substantive due process claims against each of these Defendants.

[5] Plaintiff's allegation that Defendant Toole violated his First Amendment right is contained, in its entirety, under the section labeled "(1)" in Plaintiff's Objections, (doc. 11).

4

Dade Housing Agency, 501 F.3d 1241, 1243 (11th Cir. 2007); De Sisto College v. Line, 888 F.2d 755, 757 (11th Cir. 1983); Meterlogic, Inc. v. Copier Solutions, Inc., 185 F. Supp. 2d 1292, 1297 (S.D. Fla. 2002)).

Thus, the Court **DISMISSES** Defendants' Motion to Dismiss without prejudice. Defendants may reassert their Motion to Dismiss within **fourteen (14)** days of the date of this Order. [6]

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendants' Motion for More Definite Statement, (doc. 27), and **DISMISSES as MOOT** Defendants' Motion to Dismiss, (doc. 17), in light of the additional claims now proceeding in this case. Defendants may reassert their Motion to Dismiss after accounting for Plaintiff's Amended Complaint and Plaintiff's newly asserted First Amendment retaliation claims against Defendant Toole contained in Plaintiff's Objections, (doc. 11).

**SO ORDERED**, this 21st day of November, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[6] Local Rule 7.5 states, "Unless . . . the assigned judge prescribes otherwise, each party opposing a motion shall serve and file a response within fourteen (14) days of service of the motion, except that in cases of motions for summary judgment the time shall be twenty-one (21) days after service of the motion."